| | | |
|---|---|---|
| **WILLIE HUDDLESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 4:04CV1053-DJS** |
| | ) | |
| **JO ANNE B. BARNHART, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This social security appeal is before the Court on the report and recommendation of the United States Magistrate Judge, and plaintiff's objections thereto. Pursuant to 28 U.S.C. §636(b), the Court gives *de novo* consideration to those portions of the report and recommendation to which specific objection is made. Plaintiff's objection contends that the magistrate judge wrongly credits the administrative law judge's credibility analysis with support other than objective medical evidence, which plaintiff contends is insufficient support for discounting plaintiff's subjective complaints of pain or functional limitations.

Plaintiff correctly notes, as did the Administrative Law Judge in his decision, that "the ALJ may not discount [subjective] complaints solely because they are not fully supported by objective medical evidence," but that such complaints "may be discounted based on inconsistencies the record as a whole." Ellis v.

Barnhart, 392 F.3d 988, 996 (8th Cir. 2005).  In addition to the objective medical evidence, the ALJ considered the following factors on the credibility issue:

- plaintiff's good work history (a factor in plaintiff's favor);

- that the doctor who operated on plaintiff's knee and ankle (two of plaintiff's allegedly disabling conditions) released plaintiff back to work without restrictions, and plaintiff sought no further treatment for these conditions;

- that plaintiff had sought no treatment for the knee and ankle conditions for almost two years prior to the administrative hearing;

- the apparent control of plaintiff's diabetes and hypertension through medication;

- the apparently only episodic nature of plaintiff's claimed back problem;

- that the record contained no physician opinions that plaintiff was disabled from working; and

- plaintiff's capabilities of sitting, standing, walking and lifting.

The Court rejects plaintiff's attempt to recharacterize these factors as synonymous with a lack of objective medical evidence.  Objective medical evidence refers to evidence of plaintiff's medical conditions and whether those conditions are consistent with the subjective complaints.  By contrast, physician *opinions* as to disability are inherently subjective, and are not

"objective medical evidence." Plaintiff's unrestricted release to work, his failure to seek medical treatment, and his capabilities are distinct factors not properly swept under the heading "objective medical evidence." The support for the ALJ's credibility determination is not a single insufficient species of consideration, but instead reflects a number of considerations (including one in plaintiff's favor), as appropriate under the rubric of <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).

Having considered the disputed matter *de novo*, the Court finds plaintiff's objections to be without merit. The Court further finds that substantial evidence in the record as a whole supports the ALJ's conclusion that plaintiff is not disabled, and that the Commissioner's final decision should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to the the magistrate judge's report and recommendation [Doc. #16] are overruled, and the report and recommendation [Doc. #15] is accepted and adopted.

Dated this _____8th_____ day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE